IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>TRAVIS ALAN-CODY PAIR,<br><br>Defendant/Movant. | Cause No. CR 15-30-BLG-SPW<br>CV 19-88-BLG-SPW<br><br>ORDER DISMISSING § 2255 MOTION WITH PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Pair's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Pair is a federal prisoner represented by counsel.

## I. Background

On March 20, 2015, a grand jury indicted Pair on one count of possessing of an unregistered firearm, a violation of 26 U.S.C. § 5861(d) (Count 1); and one count of being a felon in possession of a firearm and ammunition, a violation of 18 U.S.C. § 922(g)(1) (Count 2).

On August 21, 2015, Pair was indicted in a separate case on one count of conspiring to distribute 50 or more grams of a substance containing methamphetamine, a violation of 21 U.S.C. § 846, and two counts of distributing five grams or more of actual methamphetamine, violations of 21 U.S.C. § 841. *See*

1

Indictment (Doc. 1), *United States v. Pair*, No. CR 15-101-BLG-SPW (D. Mont. Aug. 21, 2015) ("*Pair II*").[1]

On March 16, 2015, the parties filed a plea agreement addressing the charges in both cases. Pair agreed to plead guilty to being a felon in possession of a firearm in this case and, in *Pair II*, to a superseding charge of conspiracy to distribute five grams of more of actual methamphetamine. The United States agreed to dismiss all other charges. *See* Plea Agreement (Doc. 25) at 2 ¶ 2. As relevant here, Pair admitted he knowingly possessed a firearm and had been convicted of a felony at the time of his possession. No one asked, and he did not say, whether he knew, at the time he possessed the firearm, that he was a felon. *See id.* at 3–4 ¶ 4.

On August 11, 2016, Pair was sentenced to serve a total of 72 months in prison, to be followed by three years' supervised release in this case and five years, concurrent, in *Pair II*. *See* Minutes (Doc. 35); Judgment (Doc. 36) at 2–3.

Pair did not appeal. His conviction became final on August 26, 2016. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

On June 21, 2019, the United States Supreme Court held that the prosecution must prove the defendant knew the status that prohibits him, pursuant to 18 U.S.C.

---

[1] The Court does not understand Pair to have filed a motion under 28 U.S.C. § 2255 in *Pair II*. It is discussed here only as relevant to his motion in this case, No. CR 15-30-BLG. All subsequent citations to the record refer to the record of this case.

§ 922(g)(1), from possessing a firearm. *See Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191, 2194 (2019). The defendant in that case, Hamid Rehaif, entered the United States on a nonimmigrant student visa to attend classes at a university. At some point, the university told him he could not retain the visa unless he transferred to another school or left the country. Before he did either, he visited a firing range and fired two guns. He was prosecuted for possessing firearm while being an alien unlawfully in the country. *See id.* At trial, the judge instructed the jury that the United States was not required to prove Rehaif knew, when he visited the range and fired the weapons, that he was not legally present in the country. The Supreme Court disagreed and held that the conviction must be supported by evidence sufficient to support a finding beyond reasonable doubt that Rehaif knew he was not lawfully present. *See id.* at 2195.

About six weeks after *Rehaif* was decided, Pair moved the Court to appoint counsel to represent him in filing a claim under the case. *See* Pro Se Mot. (Doc. 41) at 1. After clarifying Pair's intent, *see* Order (Doc. 42); *Castro v. United States*, 540 U.S. 375, 377 (2003), the Court appointed counsel, who filed an amended motion on March 16, 2020 (Doc. 53). The United States responded on April 20 (Doc. 57), and Pair replied on May 10, 2020 (Doc. 59).

The amended motion supersedes Pair's *pro se* motions (Docs. 41, 43). *See* Order (Doc. 44) at 2 ¶ 3.

3

## II. Analysis

Pair was not guilty of being a felon in possession of a firearm unless he knew not only that he was in possession of a firearm or ammunition, but also knew, at the time of his possession, that he had been convicted of a felony offense. But Pair's motion is procedurally defaulted without excuse. It is time-barred as well, but there is no need to address that issue.

### A. Procedural Default

This case is controlled by *Bousley v. United States*, 523 U.S. 614 (1998). There, the defendant pled guilty in 1990 to "using" a firearm in a drug trafficking crime. He appealed his sentence, but not his conviction. The appeal was unsuccessful, and his sentence was affirmed. *See United States v. Bousley*, 950 F.2d 727 (8th Cir. Sept. 25, 1991). With that decision, direct review concluded.

In June 1994, Bousley filed for collateral review. He challenged the validity of his guilty plea on the grounds that there was no "connection between the firearms in the bedroom of the house, and the garage, where the drug trafficking occurred." *Bousley*, 523 U.S. at 617. His claim was denied, and he appealed. While the appeal was pending, the Supreme Court held that the prosecution must prove the defendant actively employed a firearm in order to obtain a conviction for "using" a firearm in a drug trafficking crime. *See Bailey v. United States*, 516 U.S. 137, 143 (1995), *superseded by statute, see Welch v. United States*, __ U.S. __, 136

S. Ct. 1257, 1267 (2016). The Court's decision in *Bailey* supported Bousley's claim that his guilty plea was not knowing, voluntary, and intelligent, because he was clearly "misinformed as to the true nature of the charge against him." *Bousley*, 523 U.S. at 619.

Likewise, here, *Rehaif* explains an element of the statute Pair was convicted of violating. Just as *Bailey* applied to Bousley's claim, *Rehaif* applies to Pair's claim.

### B. Cause to Excuse Default

Even though the rule of *Bailey* applied to Bousley's claim, the Supreme Court found "there are nonetheless significant procedural hurdles to its consideration on the merits." *Id.* at 621. Bousley's claim that he should have been correctly advised of the meaning of "using" a firearm could have been "fully and completely addressed on direct review based on the record created at the plea colloquy." *Id.* at 622. Because he did not present it on direct review, the claim was procedurally defaulted. *See, e.g., Reed v. Farley*, 512 U.S. 339, 354 (1994); *United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Timmreck*, 441 U.S. 780, 784 (1979).

Similarly, here, Pair could have claimed on direct appeal that his guilty plea was invalid because the United States did not prove he knew he was a felon. As he did not, his claim is procedurally defaulted. If the Court is to address the merits of

5

his claim, he must excuse the default either by showing cause and prejudice or by showing he is actually innocent. *See, e.g., Bousley*, 523 U.S. at 622; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Bousley argued that, at the time of his direct appeal, his claim lacked support in the law. But, the Court said, "the Federal Reporters were replete with cases involving challenges to the notion that 'use' is synonymous with mere 'possession,'" *id.* at 622, and a default could not be excused merely because a claim would have been "unacceptable to that particular court at that particular time," *id.* at 623 (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982)). As a result, the Court found no cause to excuse Bousley's failure to challenge the validity of his guilty plea on direct review. *Id.* at 623.

Similarly, as the *Rehaif* Court said itself, "[a]s a matter of ordinary English grammar, we normally read the statutory term 'knowingly' as applying to all the subsequently listed elements of the crime." *Rehaif*, 139 S. Ct. at 2196 (quoting *Flores-Figueroa v. United States*, 556 U.S. 646, 650 (2009)) (internal quotation marks omitted). And "[t]he cases in which we have emphasized scienter's importance in separating wrongful from innocent acts are legion." *Id.* at 2196–97.

Pair's failure to challenge the validity of his guilty plea on appeal is not excused by the fact that *Rehaif* was not decided until 2019, because the cases supporting the decision in *Rehaif* predated Pair's case. (Contrast, for example, the

6

Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), which overruled two of the Court's own recent precedents interpreting the same phrase in the same statute.) As Pair offers no cause to excuse his default, it is not excused under the cause-and-prejudice test.

### C. Actual Innocence

Finally, the Supreme Court pointed out that Bousley might still obtain review of the merits of his claim if he could show "that the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent.'" *Bousley*, 523 U.S. at 623 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

"Actual innocence" is not shown if it is only possible to say that the United States might not have persuaded twelve jurors beyond reasonable doubt. It requires the defendant to show that, "in light of all the evidence, it is more likely than not than *no* reasonable juror would have convicted him." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995) (internal quotation marks and citation omitted) (emphasis added). In addition, "[i]n cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624.

Pair does not suggest he could meet the high *Schlup* standard as to the felon-in-possession charge. And even if he surmounted that obstacle, he would have to

7

leap it again with respect to the charges the United States agreed to dismiss. *See, e.g.*, Presentence Report (Doc. 38) ¶¶ 17–19; Addendum at 21–22 (showing no objection as to Pair's statements during interview).

The parties refer to *United States v. Benamor*, 937 F.3d 1182 (9th Cir. 2019), *United States v. Hollingshed*, 940 F.3d 410 (8th Cir. 2019), and *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). *See* U.S. Resp. (Doc. 57) at 8; Reply (Doc. 59) at 2. All three are direct-review cases, not collateral cases. *See Benamor*, 937 F.3d at 1185; *Hollingshed*, 940 F.3d at 412–13; *Gary*, 954 F.3d at 198. As *Bousley* shows, the defendant/movant must assume a burden of proof and meet a significantly higher standard to obtain relief on collateral review. Otherwise, collateral review would indeed become a substitute for direct review. *See Frady*, 456 U.S. at 165.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Pair makes a substantial showing that he was deprived of a constitutional right. No one told him the United States must prove he knew he was a felon. But the case is controlled by the procedural default analysis of *Bousley v. United States*, 523 U.S. 614 (1998). Pair does not suggest he has cause to excuse his default. Nor does he claim he could demonstrate actual innocence of the felon-in-possession charge, of the other charge in the indictment in this case, and of the three charges dismissed in *Pair II* pursuant to the plea agreement that resolved both cases.

Because the procedural ruling is not debatable, a COA is not warranted.

Accordingly, IT IS ORDERED:

1. Pair's amended motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 53) is DISMISSED WITH PREJUDICE as procedurally defaulted without excuse.

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Pair files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 19-88-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Pair.

DATED this 28th day of August, 2020.

                                               _/s/ Susan P. Watters_
                                               Susan P. Watters
                                               United States District Court